AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
02/07/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ASI  DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California



FILED
CLERK, U.S. DISTRICT COURT
2/07/25
CENTRAL DISTRICT OF CALIFORNIA
BY: MR  DEPUTY

UNITED STATES OF AMERICA
  Plaintiff
v.

ERASMO HERMOSILLO-MARTIN

  Defendant.

Case No. 2:25-mj-00573-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of January 21, 2025 in the County of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a), (b)(1), (b)(2) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

  Please see attached affidavit.

☒ Continued on the attached sheet.

/s/
Complainant's signature

Josef Singer, Deportation Officer ERO
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: February 7, 2025

Judge's signature

City and state: Los Angeles, California

Hon. Pedro V. Castillo, U.S. Magistrate Judge
Printed name and title

AUSA: Shawn T. Andrews (x6104)

**AFFIDAVIT**

I, Josef L. Singer, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against ERASMO HERMOSILLO-MARTIN, also known as "Eric Amaya," and "Jose Bravo" ("HERMOSILLO-MARTIN") charging him with violating Title 8, United States Code, Sections 1326(a), and (b)(2), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF AFFIANT

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since April 2018. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about January 14, 2025, the HSI Tipline received a call from a tipster stating a previously deported felon had returned to Inglewood, CA. On or about February 1, 2025, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that HERMOSILLO-MARTIN was arrested and in the custody of the Inglewood Police Department ("IPD"). The PERC was not able to lodge a DHS Immigration Detainer with the IPD due to HERMOSILLO-Martin being released.

5. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6. On or about February 6, 2025, I obtained and reviewed DHS A-File A070 151 283, which is maintained for the subject alien "ERASMO HERMOSILLO-MARTIN." The DHS A-File contained the following documents and information:

   a. Photographs of the subject alien to whom this specific DHS A-File corresponded. I thus determined that this DHS A-File and its contents corresponded to HERMOSILLO-MARTIN.

   b. Two executed Warrant of Removal/Deportation (Form I-205) indicating that HERMOSILLO-MARTIN was officially removed from the United States on or about March 19, 1994, and December

20, 2000. I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in HERMOSILLO-MARTIN 's DHS A-File contained his photograph, signature, and fingerprint.

   c. A certified conviction record showing that HERMOSILLO-MARTIN was convicted on or about May 10, 1991, of Kidnapping and Terrorist Threats, under the name "Erasmo Martin Hermosillo," in violation of California Penal Code Section 207 and 422, in the Superior Court of the State of California, County of Los Angeles, Case number YA006598, for which HERMOSILLO-MARTIN was sentenced to a total term of 68 months' imprisonment.

   d. Various documents, in addition to the Warrant of Removal/Deportation, indicating that HERMOSILLO-MARTIN is a native and citizen of Mexico. These documents include one Immigration Judge Deportation Order, dated March 14, 1994, ordering HERMOSILLO-MARTIN removed to Mexico.

  7. On or about February 5, 2025, I reviewed printouts from the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number. The CII printouts confirmed that HERMOSILLO-MARTIN had been convicted of the crime reflected on the documents contained in HERMOSILLO-MARTIN 's DHS A-File.

8. On or about February 6, 2025, I reviewed the printouts of ICE computer indices of HERMOSILLO-MARTIN. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that HERMOSILLO-MARTIN had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in HERMOSILLO-MARTIN's DHS A-File. The ICE computer indices further indicated that HERMOSILLO-MARTIN had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

9. Based on my review of HERMOSILLO-MARTIN's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in HERMOSILLO-MARTIN's DHS A-File.

## IV. CONCLUSION

10. For all the reasons described above, there is probable cause to believe that HERMOSILLO-MARTIN has committed a

violation of Title 8, United States Code, Sections 1326(a), and (b)(2), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 7th day of February 2025.

_____
HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE